SAMUEL E. BYRNE v. WILLIAM H. ROOD AND JOHN E. WARD.

*Cloud on title to joint interest—Statute of Frauds.*

A defaulting officer quitclaimed to one of the sureties on his official bond the entire title to lands in which another person had a joint interest with himself, the grantee assuring him that his conveyance carried his own title only and that the interests of other persons could be arranged afterwards. *Held,* that the owner of the joint interest could compel the grantee, by bill in equity, to convey to him his interest; and that the grantee could not plead the Statute of Frauds.

Appeal from Marquette. (Grant, J.) April 15.—June 11.

BILL to clear title. Defendant Rood appeals. Affirmed.

*M. H. Maynard* and *F. A. Baker* for complainant. The admission of a trust in an answer in chancery, is a sufficient declaration of the trust in writing to answer the requirements of the Statute of Frauds: *Patton v. Chamberlain* 44 Mich. 5; and if the parol agreement or trust is not denied by the answer, the defendant must set up the Statute of Frauds as a defense: Waterman [on Specific Perform. 130; *Walker v. Hill* 21 N. J. Eq. 191; *Small v. Owings* 1 Md. Ch. 363; *Newton v. Swazey* 8 N. H. 9; *Ridgway v. Wharton* 6 H. L. Cas. 238.

*E. E. Osborne,* for defendant Rood, cited on the Statute

of Frauds and that forbidding resulting trusts, *Garfield v. Hatmaker* 15 N. Y. 478; *Everett v. Everett* 48 N. Y. 223; *Groesbeck v. Seeley* 13 Mich. 330; *Newton v. Sly* 15 Mich. 396; *Fisher v. Fobes* 22 Mich. 458; *Weare v. Linnell* 29 Mich. 224; *Hooker v. Axford* 33 Mich. 457; the statute prohibiting resulting trusts applies to a joint purchase as well as an entire: *Powell v. Mfg Co.* 3 Mas. 363; *Wray v. Steele* 2 Ves. & B. 389.

CHAMPLIN, J.    It appears from the record in this case—

1. That at and prior to January 24, 1882, complainant and defendant Ward had negotiated for the purchase of the lands described in the first paragraph of the bill of complaint, and each furnished one-half of the purchase price as between themselves, and for convenience had caused the title of such land to be conveyed to one William Rowland, who held the legal title for them; and that in equity complainant and Ward each owned the undivided half of such lands.

2. That at this time complainant and defendant Ward had purchased jointly, each paying one-half of the consideration, an undivided three-fourths of certain lands in township forty-eight north, range thirty west, and an undivided one-third of certain lands in township thirty-four north, range forty-six west, and an undivided one fifteenth of certain lands in township forty-three north, range thirty-three west,—all particularly described in the third paragraph of the bill of complaint; that the title of these lands was for convenience taken in the name of defendant Ward, who held them for the joint benefit of himself and complainant.

3. That for three years prior to said 24th day of January, 1882, defendant Ward had been county treasurer of Marquette county, and as such had become a defaulter to the amount of about eighteen thousand dollars.

4. Defendant Rood was a surety for Ward upon his official bond as county treasurer, and, in order to secure his sureties, Ward transferred to Rood all of his property.

5. Among the property so transferred was a quitclaim deed of the land mentioned in the third paragraph of the

bill executed by Ward to Rood; and Rowland also, at Ward's request, executed a quitclaim deed of the land described in the first paragraph of the bill.

6. At the time of the execution of these deeds Ward informed Rood, before the deeds were signed, that complainant owned an interest in these lands, and objected to signing them for the reason that he could not, at the time of signing the deed, give the descriptions in which complainant was interested, and requested Rood to defer the execution until he could do so, whereupon he was informed by Rood that he was giving merely a quitclaim deed which would transfer his interest in those lands alone which belonged to him; that if other parties had an interest, that could be arranged afterwards; and thereupon the deeds were executed and delivered.

7. Soon afterwards complainant and defendant Ward requested Rood to execute to complainant a quitclaim deed of his, complainant's, interest in said lands, which deed was prepared by complainant, who offered to pay the expense thereof, but Rood declined and refused to do so, or recognize any right or interest of said complainant in such lands.

8. The court below, on the hearing, pronounced a decree directing a conveyance of complainant's interest in the lands, and defendant Rood appeals.

The decree of the circuit court must be affirmed. It would be a palpable fraud upon the rights of complainant to permit defendant Rood to retain the title under the circumstances and assurances made by him to induce the execution of the conveyance, and after obtaining the deeds, to repudiate the understanding upon which he received them. He perfectly understood that the extent of the interest he was obtaining as security by the deeds was what actually belonged to Ward after complainant's undivided interests had been separated out and conveyed to him. If defendant Ward had been able to separate out and specify his own interest in the lands as distinct from complainant's, there is no doubt but it would have been done at the time of the conveyance, and it was in reliance upon defendant Rood's statement that his undivided

interest only passed by the deed that Ward signed. The subsequent action of Rood is unconscionable, and he cannot be permitted to use the Statute of Frauds as a shield against the performance of the just and equitable duty he assumed when he received the deed under the assurance then given that the interests of other parties could be arranged afterwards.

The decree is affirmed with costs.

The other Justices concurred.